ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Vox Optima, LLC | ) | ASBCA No. 62313 |
| | ) | |
| Under Contract No. N00178-19-D-8818 | ) | |

APPEARANCES FOR THE APPELLANT:     Darrell M. Allen, Esq.
      Counsel

      Ms. Merritt Allen
      Owner

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
      Navy Chief Trial Attorney
      Matthew B. Hawkins, Esq.
      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

The Navy excluded appellant's proposal from the competitive range on a task order; appellant then appealed to the Board. The government moves to dismiss, contending that the appeal is essentially a bid protest for which we lack jurisdiction. We dismiss for a more basic reason, however, because appellant never submitted a claim to the contracting officer.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

For purposes of this motion, we accept as true the following facts, most of which are culled from the affidavit of Merritt Hamilton Allen, which it submitted contemporaneously to the complaint. Ms. Allen is appellant's owner and chief executive officer (Allen aff. ¶ 1).

On January 2, 2019, the Navy awarded appellant, Vox Optima, LLC, the indefinite-delivery, indefinite-quantity, contract referenced above. A relevant requirement for present purposes is that the contract contained a maximum pass through rate of 8% on subcontractors. (Allen aff. ¶ 2; *see* R4, tab 1 at 7)

The Navy issued a solicitation for a task order dated March 26, 2019. According to appellant, the solicitation was complex with many challenging requirements, including letters of commitment from key personnel, along with a requirement to notify the

contracting officer if a key employee became unavailable.  Appellant listed Scott Webb as a key employee in the proposal.  (Allen aff. ¶ 3; *see* R4, tab 2)

Appellant submitted a proposal by the April 23, 2019, deadline.  The proposal contained a spreadsheet indicating that its pass-through rate was 8.15%, which is higher than the 8% maximum identified above.  Ms. Allen states that this was the result of a clerical error and "odd rounding conventions" in the government spreadsheet formulae.  Appellant had intended to offer a 6% pass-through rate, as identified in the narrative portion of its proposal.  (Allen aff. ¶ 4)

On May 1, 2019, the contracting officer invited appellant to make an oral presentation.  Thereafter, appellant incurred costs involving time and travel from New Mexico to Northern Virginia to make the presentation.  (Allen aff. ¶¶ 5-6; R4, tab 20 at attach. 9a)

While the original award date had been June 30, 2019, the Navy extended it to December 31, 2019.  Appellant did not have any "direct billable work" for Scott Webb during this time but carried him as an employee anyway because it did not want to jeopardize its proposal by losing a key employee.  (Allen aff. ¶¶ 7-8)

On December 2, 2019, the contracting officer notified appellant that it had been excluded from the competitive range due to what it calls "the minor clerical error" of a pass-through rate more than 8%, which the contracting officer found to be a "material nonconformance."  Later that day, appellant submitted a corrected pass-through rate to the contracting officer, who declined to change his decision.  (Allen aff. ¶¶ 9-11; R4, tabs 9-13)

From December 3-13, 2019, appellant attempted to resolve the matter with various ombudsmen, but these efforts were unsuccessful (Allen aff. ¶¶ 12-15).

Four days after the ombudsmen process ended, on December 17, 2019, appellant submitted to the Board a document labeled in the subject line as a "CLAIM FOR PROPOSAL COSTS."  Appellant requested reimbursement of $56,961.09 in costs or restoration to the competitive range.  The Board's Recorder docketed this as an appeal.

Appellant itemized the amount it seeks in the Allen affidavit.  Ms. Allen testified that it seeks $55,451.83 in costs for carrying Mr. Webb as an employee from May 1 to November 30, 2019.  It also seeks costs related to travel and the oral presentation that bring the total claim amount to $56,961.09.  (Allen aff. ¶ 17)

The Board contacted the parties by email on April 13, 2020, to determine whether appellant had submitted a claim to the contracting officer.  Appellant's counsel confirmed by email on April 14, 2020 that it had not submitted a claim to the contracting officer.

2

## DECISION

Pursuant to the Contract Disputes Act (CDA), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C.A. § 7103(a)(1). The CDA further provides that "[a] contracting officer shall issue a decision on any submitted claim of $100,000 or less within 60 days from the contracting officer's receipt of a written request from the contractor that a decision be rendered within that period." *Id.* § 7103(f)(1). The contractor may file an appeal of the contracting officer's final decision at the Board within 90 days after receipt of the final decision, or after a deemed denial (if the contracting officer fails to issue a decision). *Id.* §§ 7103(f)(5),7104(a). As our reviewing court has explained, a valid claim and a contracting officer's final decision are prerequisites for our jurisdiction. *Securiforce Int'l America, LLC v. United States*, 879 F.3d 1354, 1359 (Fed. Cir. 2018); *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).

Because appellant failed to submit a claim to the contracting officer and obtain a final decision before filing its appeal, the Board lacks jurisdiction over the appeal. *Maropakis*, 609 F.3d at 1327-29.

## CONCLUSION

The appeal is dismissed without prejudice for lack of jurisdiction.

Dated: June 2, 2020

 

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62313, Appeal of Vox Optima, LLC, rendered in conformance with the Board's Charter.

Dated: June 3, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals